United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| THOMAS G. ANDRUS, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-16-611 |
| § | |
| BLACK ELK ENERGY OFFSHORE § | |
| OPERATIONS, LLC, *et al.*, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the court is a motion to refer this case to the bankruptcy court that is currently considering *In re: Black Elk Energy Offshore Operations, LLC*, No. 15-34287. Dkt. 24. The motion was filed by defendants PPVA Black Elk (Equity) LLC, PPVA Black Elk (Investor) LLC, Platinum Partners Value Arbitrage Fund, LP, PPVA Black Elk (US) Corp., Platinum Partners Black Elk Opportunities Fund LLC, PPBE Holdings LLC, PPBE Management LLC, David Levy, Mark Nordlicht, Gilad Kalter, Naftali Manela, Daniel Small, and Joel Edelstein (collectively, "Platinum Defendants"). *Id.* Plaintiffs Thomas G. Andrus, White Marlin Energy Services, Inc., Guy E. Matthews, Carolyn Matthews, Stephen G. Lawrence, and Carl Hammond (collectively, "Plaintiffs") oppose the motion. Dkt. 30. After considering the motion, response, reply, and applicable law, the court finds that the motion should be GRANTED.

## I. BACKGROUND

This case was originally filed in state court in New York in March 2013. Dkt. 13-1 (amended complaint); Dkt. 24 (motion to refer). Plaintiffs amended their complaint on August 29, 2013. Dkt. 5 (BEE Offshore's objection to removal). Plaintiffs are investors in Black Elk Energy, LLC ("BEE"). Dkt. 13-1. Plaintiffs contend that defendant John G. Hoffman promised them that they

would be consulted on and involved in making decisions regarding any expansion of BEE as well as future acquisitions and that any transactions made by BEE would be disclosed to them. *Id.* Plaintiffs allege that BEE used all of its capital to become the sole member of Black Elk Energy Offshore Operations, LLC ("BEE Offshore") but that BEE's 100% ownership of BEE Offshore eventually became diluted to 4.481% "through a series of wrongful transactions by Defendants." *Id.* Plaintiffs contend that the Platinum Defendants breached their fiduciary duties to BEE by grossly mismanaging BEE Offshore and causing safety violations, which, following an explosion that occurred in one of BEE's oil production platforms, led to a downgrade in BEE's credit rating. *Id.* Plaintiffs claim that the Platinum Defendants' actions caused a potential buyer of BEE to substantially reduce its offer. *Id.* Plaintiffs assert claims for breach of fiduciary duty and minority shareholder oppression, breach of fiduciary duty and mismanagement, breach of member agreements associated with Plaintiffs' investments in BEE, and fraud and fraudulent inducement. *Id.* In the alternative, Plaintiffs bring the action derivatively. *Id.*

On November 30, 2015, Plaintiffs removed the case from the Supreme Court of the State of New York to the United States District Court for the Southern District of New York pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2). Dkt. 1. In the notice of removal, Plaintiffs noted that BEE Offshore's creditors had commenced an involuntary bankruptcy proceeding against BEE Offshore in the United States Bankruptcy Court for the Southern District of Texas on August 11, 2015. *Id.* Plaintiffs stated that they were entitled to remove because, among other reasons, the case "relates to Plaintiffs' claims against [BEE Offshore], and therefore, arises under the Bankruptcy Code, and . . . is also related to [BEE Offshore's] bankruptcy case." *Id.* Plaintiffs further asserted in that notice that "portions of the Action seeking relief from the Debtor are core proceedings

2

pursuant to [28 U.S.C. § 157(b)(2)], which those portions of the Action seeking relief from non-debtor Defendants are non-core proceedings." *Id.*

On February 16, 2016, Plaintiffs moved to transfer the case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Dkt. 13. In the motion to transfer, Plaintiffs mentioned the bankruptcy case pending in Houston and noted that "a lot of the evidence, witnesses, and documents are in the bankruptcy court in Houston." *Id.* The defendants did not object to the motion to transfer, and the New York District Court transferred the case to this court on March 2, 2016. The Platinum Defendants moved for this court to refer the case to the bankruptcy court on April 15, 2016. Dkt. 24. That motion is now ripe for disposition.

## II. ANALYSIS

The Platinum Defendants assert that the court should transfer this case to the bankruptcy court pursuant to General Order 2012-6 because this case is related to the bankruptcy proceedings. Dkt. 24. Alternatively, they assert that the proceeding should be transferred to the bankruptcy court pursuant to 28 U.S.C. § 1412 because venue is proper and it would be more economic and efficient to administer this case in the court where BEE's bankruptcy is pending. *Id.* Plaintiffs assert that a reference to the bankruptcy court pursuant to General Order 2012-6 is not warranted because this case does not indisputably impact the bankruptcy estate. Dkt. 30. With regard to the Platinum Defendants' alternative motion to transfer pursuant to 28 U.S.C. § 1412, Plaintiffs contend that the Platinum Defendants have made no showing that either the interest of justice or the convenience of the parties warrants a transfer to bankruptcy court. *Id.*

General Order 2012-6 states: "Bankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this district." *In re: Order of Reference to Bankruptcy Judges*, Gen. Order

3

2012-6 (S.D. Tex. May 24, 2012). Plaintiffs point out that General Order 2012-6 was issued pursuant to 28 U.S.C. § 157(a), which distinguishes between core and non-core proceedings. Dkt. 23. Under § 157, bankruptcy judges may hear and determine all core proceedings arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b). These core proceedings include, among other things, matters concerning the administration of the estate and proceedings to determine, avoid, or recover fraudulent conveyances. *Id.* Section 157 also allows bankruptcy judges to hear proceedings that are not core proceedings but are "otherwise related to a case under title 11." "In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge." *Id.* Plaintiffs assert that even if its claims against BEE Offshore are core proceedings, the remainder of the claims are not core proceedings and do not impact the BEE Offshore bankruptcy. *Id.* Plaintiffs thus request that the court not refer the case. *Id.*

The court agrees with the Platinum Defendants that the claims in this case, whether they are core or not, are related to the bankruptcy case and should be transferred to the bankruptcy court pursuant to General Order 2012-6. *Cf. In re DeRosa-Grund*, 544 B.R. 339, 362 (S.D. Tex. Bank. 2016) ("In the Southern District of Texas, General Order 2012-6 (entitled General Order of Reference) automatically refers all eligible cases (which include contested matters) and adversary proceedings to the bankruptcy courts."). Additionally, the court finds that even if referral were not appropriate under General Order 2012-6, the 28 U.S.C. § 1412 factors weigh in favor of transfer. Most notably, the court finds that it is more efficient at this stage of the litigation for the bankruptcy court, which is already familiar with many aspects of this case, to consider these claims. The court duly notes that Plaintiffs do not consent to the bankruptcy court's entry of final orders with respect to any parts of this case that are deemed non-core.

### III. CONCLUSION

The Platinum defendants' motion to refer (Dkt. 24) is GRANTED. This case is hereby referred to the Honorable Marvin Isgur, United States Bankruptcy Court, Southern District of Texas.

Signed at Houston, Texas on May 13, 2016.

_____
Gray H. Miller
United States District Judge